IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CANOPIUS US INSURANCE, INC.
f/k/a OMEGA US INSURANCE, INC.                                              PLAINTIFF

VS.                                  CASE NO. 4:13-CV-4079

STEVE JOHNSON and
DONN WOLF
                                                                    DEFENDANT-INSUREDS

and

DESIREE KOLBEK, AMY EDDY,
JEANETTE ORLANDO, NICOLE FARR,
SUMMER HAGAN, JAMIE RODRIGUEZ,
PEBBLES RODRIGUEZ a/k/a
YVONNE RODRIGUEZ, SPENCER ONDIRSEK,
SETH CALAGNA                                                        DEFENDANT-CLAIMANTS

## ORDER

Before the Court is an Amended Motion for Summary Judgment (ECF No. 72) filed on behalf of Plaintiff Canopius US Insurance, Inc. ("Canopius"). Separate Defendant-Claimants Amy Eddy, Nicole Farr, Summer Hagan, Desiree Kolbek, Jeanette Orlando, Jamie Rodriguez, Pebbles Rodriguez have filed a response. (ECF No. 75).[1] Canopius has filed a reply. (ECF No. 80). The Court finds this matter ripe for consideration.

BACKGROUND

The First Amended Complaint (ECF No. 70) and the present Motion for Summary Judgment seek a declaration from the Court regarding Canopius' contractual obligations to defend and indemnify Defendant-Insureds Steve Johnson and Donn Wolf in cases before this Court and Arkansas state courts. The underlying cases referenced in the First Amended

---

[1] Defendant-Insureds Steve Johnson and Donn Wolf have not appeared in this action.

1

Complaint are: *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, Case No. 4:10-cv-4124; *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church Inc., et al.*, No. 46CV-14-8-2, Circuit Court of Miller County, Arkansas; *Ondrisek, et al. v. Hoffman*, Case No. 4:08-cv-4113; and *Ondrisek, et al. v. Kolbek*, Case No, 4:09-cv-4100. The Court will summarize the underlying cases in turn.

    **A.  The *Kolbek* suits**

In August 2010, Desiree Kolbek, Amy Eddy, Jeannette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, and Pebbles Rodriguez[2] filed suit in this Court against a number of defendants, including Defendant-Insureds in the present case. The *Kolbek* plaintiffs were former members of Tony Alamo Christian Ministries ("TACM"). TACM is an organization of churches and businesses that are operated by individual members of TACM and Tony Alamo. Defendants in the *Kolbek* suit and the present declaratory judgment action are current or former members of TACM or owners of businesses and property that have close ties with TACM. The *Kolbek* plaintiffs alleged that, when they were members of TACM, they were forced to become "spiritual wives" of Tony Alamo; they were moved into his home when they were minors; and they were subjected to frequent sexual, physical, and psychological abuse. This abuse allegedly took place on TACM property and was facilitated by TACM members and TACM businesses. Specifically, the *Kolbek* plaintiffs allege that the TACM businesses allowed Tony Alamo access to the young girls; endorsed or facilitated the "spiritual weddings" with the girls; failed to protect the girls from sexual abuse and beatings; and failed to keep the locations they managed in a reasonably safe condition. The *Kolbek* Complaint asserted claims of negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy,

---

[2] Desiree Kolbek, Amy Eddy, Jeannette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, and Pebbles Rodriguez are Defendant-Claimants in the present case. However, the Court will refer to them throughout this opinion as "the *Kolbek* plaintiffs" in order to clarify their role in the underlying litigation.

defamation, joint-venture liability, outrage, transporter liability under 18 U.S.C. § 2255, and trafficking liability under 18 U.S.C. § 1595.

In 2013, through mediation, several insurance companies entered into a Confidential Settlement Agreement with the *Kolbek* plaintiffs on behalf of several *Kolbek* defendants. The settlement resulted in the voluntary dismissal of claims against many of the defendants in the *Kolbek* suit. Thereafter, the Court dismissed with prejudice all federal law claims against the remaining defendants in the *Kolbek* suit (Case No. 4:10-cv-4124, ECF No. 716) and dismissed without prejudice all state law claims asserted by the *Kolbek* plaintiffs. (*Id*., ECF No. 722).[3] After the dismissal of their federal suit, the *Kolbek* plaintiffs re-filed their claims in the Miller County Circuit Court on January 14, 2014, *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, Case No. 46CV-14-8-2. (ECF No. 145, Exh. 22). When the case was re-filed, the defendants were limited to Jeanne Estates Apartments, Inc., Tony Alamo, and Twenty First Century Holiness Tabernacle Church. The allegations in the state suit mirrored the allegations made in the dismissed federal suit, and the *Kolbek* plaintiffs made the same claims for negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, and outrage.

Since the filing of Canopius' First Amended Complaint, the *Kolbek* state suit has been voluntarily nonsuited with prejudice. (ECF No. 76, Exh. 1).[4] Despite this dismissal, and despite the fact that no Defendant-Insured was named in the case or requested defense and/or indemnification from Canopius with respect to the *Kolbek* state suit, Canopius continues to seek

---

[3] The Court's order dismissing the state claims was appealed by certain defendants and later affirmed by the Eighth Circuit. (Case No. 4:10-cv-4124, ECF No. 737).

[4] Prior to the dismissal of the suit, default judgment was entered against Tony Alamo and Twenty First Century Holiness Tabernacle Church. (ECF No. 74, Exh. 15-16). Accordingly, at the time of dismissal, the only pending claims were against Jeanne Estates Apartments, Inc.

a declaration from the Court that they owe no coverage for any of the alleged misconduct that forms the basis of the claims in the *Kolbek* state case.

### B.  The *Ondrisek* suits

In November 2008, Defendant-Claimants Spencer Ondrisek and Seth Calagna filed suit in this Court against Tony Alamo and John Kolbek.[5] Ondrisek and Calagna alleged that they were repeatedly beaten by and/or at the direction of Tony Alamo and John Kolbek over a period of several years. Ondrisek and Calagna sought damages for battery, false imprisonment, tort of outrage, and conspiracy as a result of those beatings.  In October 2009, Ondrisek and Calagna obtained a default judgment against John Kolbek for $1 million in compensatory damages and $2 million in punitive damages. In June 2011, Ondrisek and Calagna obtained a judgment against Tony Alamo for battery, outrage, and conspiracy and were awarded $6 million in compensatory damages and $60 million in punitive damages.  In October 2012, the Eighth Circuit reversed the award of $60 million in punitive damages and remanded the case to the district court for entry of a verdict imposing $24 million in punitive damages. The Eighth Circuit otherwise upheld the June 2011 judgment.

Defendant-Insureds Donn Wolf and Steve Johnson were not named as defendants in the *Ondrisek* suit.  However, in connection with the judgment against Tony Alamo in the *Ondrisek* suit, the Court granted a Writ of Execution authorizing seizure of property owned by certain Defendant-Insureds in this case.    (ECF No. 74, Exh. 19).  Some of these properties are covered by the policies issued by Canopius to Defendant-Insureds.  In a letter dated May 31, 2013, Defendant-Insured Donn Wolf forwarded the Court's Writ of Execution to Canopius and

---

[5] The case in its original iteration was against both Tony Alamo and John Kolbek, Case No. 4:08-cv-4113.  John Kolbek was later severed from the case, and the claims against him proceeded under a new case number, 4:09-cv-4100.

4

demanded "a defense and full indemnity for Steven Johnson, [himself], and the property as well as any interest in any other property to which the insurance may apply." (ECF No. 74, Exh. 20). Canopius seeks a declaration from the Court that they owe no coverage to any Defendant for the alleged misconduct that forms the basis of the claims in the *Ondrisek* suits and that they have no duty to provide a defense to any of the Defendants in this case.

## DISCUSSION

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for

5

summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

As an initial matter, the Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id*. Therefore, if the Court finds that Canopius has no duty to defend under the policies, then it also has no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id*. "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id.* at 813. However, "where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*. The Court will separately address Canopius' duty to defend in the *Kolbek* and *Ondrisek* suits.

### A.  The *Kolbek* Suit

Before discussing the substance of the policies and whether Canopius has a duty to defend or indemnify in the *Kolbek* state suit, the Court must first determine whether a justiciable controversy still exists in light of the suit's dismissal.

For a declaratory judgment action to be justiciable, there must be a disputed coverage issue of sufficient imminency to constitute an actual controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937). *See also* 28 U.S.C. § 2201(a). An actual controversy exists when "the facts alleged, under all the circumstances show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (*quoting Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In February and March 2014, default judgments were entered against Twenty First Century Holiness Tabernacle Church and Tony Alamo in the *Kolbek* state suit. Subsequent to the default judgments being entered and Canopius' First Amended Complaint being filed in this case, the *Kolbek* plaintiffs voluntarily nonsuited with prejudice their remaining claims against Jeanne Estates Apartments, Inc. (ECF No. 76, Exh. 1). With this dismissal, the *Kolbek* plaintiffs have no claims pending against any party affiliated with TACM and no Defendant-Insured in this case. Moreover, none of the Defendant-Insureds in this case made a demand for coverage for the claims in the *Kolbek* state case. The Court cannot justify making coverage declarations in an underlying case where there have been no demands for coverage and there are no longer any claims to defend or defendants to indemnify.[6] Because there is no justiciable controversy at to the claims in the *Kolbek* state suit, Canopius' request for summary judgment on this issue is denied.

### B. The *Ondrisek* Suit

Like the *Kolbek* state suit, the Court must first determine whether a justiciable controversy still exists as to the *Ondrisek* suit before discussing the substance of the policies and whether Canopius has a duty to defend or indemnify.

---

[6] After the entry of the default judgments in the *Kolbek* state case, a "Direct Action Lawsuit" was filed against various insurance carriers, including Canopius, in the Circuit Court of Miller County. *See Kolbek, et al v. American Western Home Ins. Co., et al*, Case No. 46cv14-304-2. This Direct Action Lawsuit seeks to hold Canopius liable for the $525,000,000.00 default judgment entered against Twenty First Century Holiness Tabernacle Church in the *Kolbek* state suit. Accordingly, there may be a justiciable controversy between Canopius and Defendant-Insureds as to coverage disputes in the Direct Action Lawsuit. However, the Direct Action Lawsuit and Canopius' potential liability for the default judgments are not at issue here. In a previous order, the Court expressly declined to allow Plaintiffs to amend their complaint to include claims related to the Direct Action Lawsuit. (ECF No. 69).

As noted above, Defendant-Insureds Donn Wolf and Steve Johnson were not named as defendants in the *Ondrisek* suit, but Donn Wolf has made a request to Canopius for defense and/or indemnification. The request for defense and/or indemnification is based on the Court's Writ of Execution that authorized the seizure of certain property to satisfy the judgment against Tony Alamo.

While Donn Wolf has made this demand and Canopius is seeking a declaration, Defendant-Claimants maintain that there is no justiciable controversy as to the *Ondrisek* suit. Defendant-Claimants state that "the only proceedings remaining [in *Ondrisek*] concern the enforcement of the judgments, which have now been final for years. The last Writ of Execution was issued on April 18, 2013." (ECF No. 76, p. 5). Importantly, the *Ondrisek* plaintiffs—Defendant-Claimants Spencer Ondrisek and Seth Calagna—state that they "have not sought and do not seek Canopius US Insurance proceeds in the collection of their judgment, and stipulate as such." *Id*.

Given this stipulation by Ondrisek and Calagna, the Court finds that they are not pursuing claims against Canopius for any insurance proceeds arising from the *Ondrisek* suit and the execution of the judgment in that suit. In light of this stipulation, the Court finds that there is no actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to coverage issues in the *Ondrisek* suit. Because there is no longer a justiciable controversy as to the claims in the *Ondrisek* suit, Canopius' request for summary judgment on this issue is denied

## CONCLUSION

For the reasons stated above, the Court finds that Canopius' Motion for Summary Judgment (ECF No. 72) should be and hereby is **DENIED**. Because there is currently no

justiciable controversy, the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge